## UNITED STATES v. AH POING.

### (District Court, D. Oregon. September 24, 1895.)

### No. 4,002.

CHINESE EXCLUSION ACT—REGISTRATION—IMPRISONMENT FOR CRIME.
  Imprisonment upon arrest and conviction for crime is not a sufficient excuse for failure to register within the time limited by Acts Cong. May 5, 1892 (27 Stat. 25), and November 3, 1893, providing for the deportation of Chinese laborers who fail to register themselves within the periods provided by said acts, unless prevented by accident, sickness, or other unavoidable cause.

Daniel R. Murphy, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty.

J. H. Dolph, for defendant.

BELLINGER, District Judge. This is a proceeding to deport the defendant, a Chinese laborer, who has failed to register as required by law. The facts in the case are agreed upon, and are as follows: Defendant was lawfully a resident of the city of Portland on May 5, 1892, the date of the passage of the act requiring Chinese laborers to register within one year. In December, 1892, he was arrested on a charge of felony, and confined in jail. On January 7, 1893, he was convicted, and sentenced to imprisonment in the penitentiary of the state for a period of three years, and was committed to such prison, where he remained until the commencement of this proceeding. The act of May 5, 1892 (27 Stat. 25), provides for the deportation of any Chinese laborer found in the United States at the expiration of one year from the passage of the act without the certificate of residence provided for therein, unless it is shown that such laborer was prevented from obtaining such certificate by reason of accident, sickness, or other unavoidable cause, and that he was a resident of the United States at the time of the passage of the act. On November 3, 1893, congress amended this act so as to extend the time for registration for a period of six months. Does the imprisonment of the defendant on a conviction for felony excuse his failure to register? It is contended that a condition which unavoidably prevents registration is unavoidable cause within the meaning of the registration act; but if the condition is not unavoidable, the excuse does not exist. It is a fundamental rule that a party will not be permitted to take any advantage of his own wrongful act, and upon the same principle a party will not be permitted to plead to his own advantage a disqualification which is the necessary result of a crime committed by him. The duty of registering was imposed upon the defendant before his arrest, and the opportunity to register was open to him at that time. True, the time had not yet expired within which he was required to register, and it is not against him that he had not theretofore registered; but, while every moment of the prescribed time was open to him for that purpose, if he chose to throw a part of it away by his voluntary act, necessarily having that effect, and committed in violation

of law, he is not excused in his failure to register. Crime, and the penalties which follow it, can never excuse the performance of a duty enjoined by law. The deportation of the defendant in accordance with the provisions of the act of May 5, 1892, as amended, is ordered.